This is an appeal from an order of the Essex County Orphans Court allowing commissions and a counsel fee to the guardian of a lunatic. The estate is less than $50,000.
Commissions are controlled by R.S. 3:11-1 and 2. Section 1 requires that allowance of commissions to executors, administrators, guardians and trustees should be made with reference to their actual pains, trouble and risk rather than thequantum of the estate. Before 1939, R.S. 3:11-2 to 4
directed that the commissions "shall not exceed" certain percentages. By amendment, P.L. 1939 p. 456, these three sections were combined in one, designated R.S. 3:11-2, which provides that commissions "shall be computed upon the following rates:" On income five per cent.; "On corpus where the corpus
receipts do not exceed $50,000, seven per centum on the first $1,000 thereof," c. "Where the corpus receipts exceed $50,000, the court * * * shall determine the corpus commissions * * * according to the actual services rendered and the commissions oncorpus shall not exceed five per centum on all corpus." A further amendment, P.L. *Page 86 1940 p. 530, increased the percentages applicable to small estates.
In spite of the broad language of R.S. 3:11-1, it is evident that commissions on income do not depend upon anything except the amount of income, for the fiduciary is permitted to take his commissions without waiting for allowance thereof by the court. It seems to me likewise true that corpus commissions where thecorpus does not exceed $50,000, must be calculated according to the percentages stated in the statute, without regard to R.S.3:11-1. Compare the direction that commissions "shall be computed upon the following rates," with the former phrase "shall not exceed the following rates." This interpretation of the statute is supported by the provision that where the estate is larger than $50,000, corpus commissions shall be determined "according to the actual services rendered" and "shall not exceed five per centum."
The Orphans Court correctly took the view that it had no discretion with reference to the amount of commissions of the guardian.
When the fiduciary is a lawyer and performs professional services in connection with his official duty, R.S. 3:11-8
permits the court to allow him a counsel fee in addition to commissions.
The proofs show legal services rendered by the guardian for which a just fee would be $300. Let the decree of the Orphans Court be modified accordingly. *Page 87